Leon CAWOOD and Jack B. Hollingshead, on Behalf of Themselves and All Other Similarly Situated Motor Carrier Taxpayers *v.* Maurice SMITH, Director, Arkansas Highway & Transportation Department, et al.

91-246                                            824 S.W.2d 343

Supreme Court of Arkansas
Opinion delivered January 13, 1992

*Eugene Sayre*, for appellant.

*Jerry Malone, David Kaufman, Robert Wilson, Jerry C. Jones, Peter Kumpe, Daniel Barney, Pat Maron, Andrew Frey, Griffin Smith, Jr., Daniel J. Harold*, and *H. Maurice Mitchell*; and *Winston Bryant*, Att'y Gen., by: *Frank J. Wills III*, Asst. Att'y Gen., for appellee.

PER CURIAM. Appellant's motion to file belated brief is granted.

Dudley and Newbern, JJ., would dissent.

ROBERT H. DUDLEY, Justice, dissenting. The majority has today voted to grant appellants' motion to allow the filing of a belated abstract and oversized brief. I dissent and wish to set out my reasons.

The background to these motions is as follows. The trial court entered its final order on May 31, 1991. The appellants gave notice of appeal on June 3, 1991.

The record was filed in this court on September 3, 1991, and a briefing schedule was established. The appellants' brief was due on October 13, 1991. On October 3, 1991, the appellants filed a timely motion for extension of time to file their brief. They were

given thirty (30) days so their brief was due on November 13, 1991. On November 13, 1991, the appellants did not file their brief but, instead, obtained a two day extension making their brief due on November 15, 1991. They did not file their brief on November 15. Their attorney avers that at about 5:30 on the afternoon of the 15th, a Friday, he completed the brief and called the Clerk of this court at his home at 6:00 p.m. and asked the Clerk if he would accept the brief as filed on the 15th, to which the Clerk correctly responded, "No." The attorney then tendered the brief on Monday morning, November 18, 1991, which was past the deadline.

Furthermore, the appellants' attorney did not comply with the rules for filing a brief. In fact, the rules were flagrantly violated. The appellants were required to *timely file seventeen (17) copies* of their brief. *See* Rule 11 of the Rules of the Supreme Court and the Court of Appeals. They tendered one copy and, as set out, it was late. *"Unless leave of court is first obtained,* the argument portion of briefs shall not exceed 30 pages in the case of printed briefs and 25 pages if typewritten." Rule 8(c) (emphasis added). Appellants' brief is printed, and the argument portion of the brief begins on page 161 and concludes on page 205, which amounts to forty-six (46) pages of argument. Rule 8(b) provides that briefs shall be "double spaced, except for quoted material, which may be single spaced and indented." The appellants have deliberately violated this rule and included twenty (20) lengthy single spaced footnotes, some taking up almost half a page, which are not quoted material and are not indented, so that if appellants had followed the rule, their brief would be about fifteen (15) pages longer than the forty-six (46) pages shown by their pagination. Appellants did not first obtain leave of this court to file such an expanded brief. Instead, they have brazenly tendered the one copy, not seventeen (17), and it contains the equivalent of approximately sixty-one (61) pages of argument. I can only assume the reason appellants' attorney tendered only one copy of his brief is that he did not anticipate this court would accept such a brief, and he did not want to waste money having the other sixteen (16) copies printed. A cursory examination of the argument portion of the appellants' brief convinces me that the appellants' attorney has not in good faith attempted to comply with the page limit. First, the single spaced footnotes are a willful

effort to get around the rule, and second, the argument portion of the brief is deliberately verbose.

Rule 10 provides "if abstract and brief have not been filed by the appellant in civil cases within the time allowed by Rule 7 the court may dismiss the appeal or affirm the judgment or decree." We have affirmed other cases under Rule 10, although the circumstances in those cases were that briefs were not timely filed. *International Harvester Corp.* v. *Hardin*, 264 Ark. 717, 723, 574 S.W.2d 260, 264 (1978) and *Holleman* v. *Fowler*, 248 Ark. 809, 454 S.W.2d 100 (1970). I do not know of any other case where we have allowed such a malignant disregard of our rules. We try not to be unduly harsh, but there is a limit beyond which we cannot go without becoming unfair to others. By granting these motions, I do not see how we can ever again enforce the page limit part of the rule, and thus, a part of appellate order is lost. The page limit is an integral part of the process by which we are able to take ten (10) cases per week under submission. It is a foundation of fairness for a high volume appellate court. Because of appellants' violation of the rules of appellate procedure I would not allow the filing of the oversized argument portion of the brief, and I would give appellants three (3) days to comply with the rules, and if they did not comply within that time, I would dismiss the appeal and affirm the decree.

NEWBERN, J., joins in this dissent.